FILED
2026 May-08  AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

|  |  |
|---|---|
| **DWAIN EVANS TURNER,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 7:21-cv-170-HDM-HNJ** |
| **STATE OF ALABAMA DOC,** | |
| **Defendant.** | |

## MEMORANDUM OPINION AND ORDER

On July 9, 2021, the court dismissed the above-styled case without prejudice for Plaintiff Dwain Evans Turner's failure to prosecute and entered a final judgment. (Doc. 13). This matter is now before the court on Turner's Motion to Reopen, (doc. 14), which, for the reasons stated below, is due to be **DENIED**.

## BACKGROUND

On February 3, 2021, Plaintiff Dwain Evans Turner, proceeding *pro se*, commenced this action under 42 U.S.C. § 1983 while incarcerated at the Bibb Correctional Facility in Brent, Alabama. (Doc. 1). Although the body of the Complaint identified several individual prison officials by name, the caption named only the "STATE OF ALABAMA DOC" as defendant and Turner did not state the relief he sought from the court. (Docs. 1 at 1–4; 11 at 1). The magistrate judge screened Turner's Complaint, and, on May 4, 2021, issued an order that clearly

explained all of its deficiencies. (Doc. 10). The magistrate judge ordered Turner to file an amended complaint on or before June 3, 2021, that named specific individuals as defendants, stated what each defendant allegedly did, and identified the dates and places of the relevant events. *Id.* at 3–4. The order also explicitly warned Turner that failure to comply could result in dismissal of his case for want of prosecution under Federal Rule of Civil Procedure 41(b). *Id.* at 4.

Turner did not file an amended complaint or otherwise respond to the magistrate judge's order. (Doc. 11 at 1–2). On June 17, 2021, two weeks after Turner's deadline for filing his amended complaint, the magistrate judge entered a report and recommendation concluding that dismissal without prejudice was warranted under 28 U.S.C. §§ 1915A and 1915(e)(2). *Id.* at 16. The report explained that Turner had named only the Alabama Department of Corrections, a state agency that is immune from suit and is not a "person" under § 1983, as a defendant. *Id.* at 6. The report also clarified that the Complaint did not state the relief Turner sought and did not plead facts sufficient to state viable claims for deliberate indifference, conditions of confinement, or failure to protect. *Id.* at 1, 7–16. Although the magistrate judge's report and recommendation explicitly informed Turner that he had a right to object within fourteen days, *id.* at 16, he did not do so, (doc. 12 at 1). On July 9, 2021, the court adopted the report and recommendation, dismissed

2

Turner's case without prejudice, and entered a separate final judgment. (Docs. 12, 13).

On March 23, 2026, nearly five years after the court issued its final judgment, Turner filed the present handwritten Motion. (Doc. 14). In it, Turner says that he was placed in lockup, that his legal mail was thrown away for unknown reasons, and that he wants the court to reopen his case. *Id.* at 1.

### DISCUSSION

Because the court has already entered a separate final judgment in this case, (doc. 13), the court construes Turner's Motion as seeking post-judgment relief under Federal Rule of Civil Procedure 60, which, as relevant, states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> [or]
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).[1] Although Turner does not specifically state which of Rule 60(b)'s subcategories he claims warrants relief from the court's final judgment, (*see*

---

[1] Post-judgment relief is also available under Rule 59, but that rule expressly requires that such a motion be filed within twenty-eight days of the final judgment, Fed. R. Civ. P. 59(e), a deadline that has long since passed for Turner. Moreover, if Turner seeks to reopen the case so that he may

doc. 14), his stated basis for relief is that he was placed in lockup for fourteen days and his legal mail was discarded, *id.* at 1. That kind of contention sounds in "mistake, inadvertence, surprise, or excusable neglect," and thus the court construes Turner's Motion as seeking post-judgment relief under Rule 60(b)(1). *See* Fed. R. Civ. P. 60(b)(1); *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993); *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986). Rule 60(b) explicitly states that a motion seeking relief for mistake, inadvertence, surprise, or excusable neglect must be filed "within a reasonable time" not to exceed one year from the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). This court entered its final judgment on July 9, 2021, (doc. 13), and Turner filed his Rule 60(b)(1) Motion for post-judgment relief on March 23, 2026, (doc. 14), making it untimely by at least three and a half years.[2]

---

amend his pleading, he must first satisfy Rule 60(b), as Rule 15(a) does not displace Rule 60 once final judgment has been entered. *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025). Rule 60(b) also may not be used to replace a proper and timely appeal. *See Cavaliere*, 996 F.2d at 1115.

[2] The court notes that, even if Turner had requested post-judgment relief within a year of the court's final order, his Motion is likely still deficient. Even motions filed under Rule 60(b)(1) within one year must still be filed within a reasonable time, Fed. R. Civ. P. 60(c)(1), and the Eleventh Circuit has held that even a five-month delay can be unreasonable when the movant offers no adequate explanation for waiting. *See Stansell v. Revolutionary Armed Forces*, 771 F.3d 713, 738 (11th Cir. 2014). Turner offers no explanation for why he waited until March 2026 to seek relief from a judgment entered in July 2021, (*see generally* doc. 14), which independently forecloses the relief he seeks.

4

Turner cannot avoid Rule 60(c)(1)'s one-year limit by invoking the catchall provision of Rule 60(b)(6), which allows relief from a final judgment based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Eleventh Circuit has repeatedly held that Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive and a court may not grant relief under Rule 60(b)(6) for a reason that fits within Rule 60(b)(1), as Turner's does. *See Cavaliere*, 996 F.2d at 1115; *Solaroll*, 803 F.2d at 1133. In any event, relief under Rule 60(b)(6) is an extraordinary remedy that may be granted only upon a showing of exceptional circumstances. *See, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Even taking Turner's factual assertions at face value, his unsworn Motion does not say when the fourteen-day lockdown occurred, how the alleged loss of legal mail prevented him from complying with the May 4, 2021, order or from objecting to the June 17, 2021, report and recommendation, or why he waited almost five years before filing anything in this closed case. (*See* docs. 10 at 3–4; 11 at 16–17; 14 at 1). Thus, Turner's Motion for post-judgment relief falls far short of the exceptional circumstances that warrant relief under Rule 60(b)(6). Moreover, the magistrate judge expressly warned Turner that failure to file his amended complaint could result in dismissal under Rule 41(b), (doc. 10 at 4), and dismissal after disregard of a court order, especially where the litigant has been

forewarned, generally is not an abuse of discretion, *see e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Furthermore, Turner's Motion does nothing to remedy the defects with his original Complaint identified by the magistrate judge. Before the court entered its final judgment, the magistrate judge explained that Turner had named only the Alabama Department of Corrections as defendant, even though a state agency is immune from suit under the Eleventh Amendment and not a "person" subject to liability under § 1983. (Doc. 11 at 6–7); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). The report and recommendation also found that Turner failed to plead requested relief and failed to allege facts sufficient to state viable claims against any proper defendant. (Doc. 11 at 1, 7-16); *see also Richardson v. Johnson*, 598 F.3d 734, 737–38 (11th Cir. 2010); *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (per curiam). Turner's present Motion does not address those pleading deficiencies, and it does not attach a proposed amended complaint that might cure them. (*See* doc. 14). The court therefore sees no basis to set aside the judgment.

## CONCLUSION

For all of these reasons, Turner's Motion to Reopen, (doc. 14), is **DENIED.**

The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum Opinion and

Order to Plaintiff Dwain Evans Turner at his address on file.

**DONE** and **ORDERED** on May 8, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE